UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MELVIN HOLMES                                               CIVIL ACTION
A/K/A MELTON HOLMES

VERSUS                                                      NO. 10-4323

MARLIN GUSMAN, SHERIFF                                      SECTION "C" (3)

REPORT AND RECOMMENDATION

Plaintiff, Melvin Holmes a/k/a Melton Holmes, filed this *pro se* and *in forma pauperis* federal civil rights action against Orleans Parish Sheriff Marlin Gusman. For the following reasons, plaintiff's complaint should be dismissed for want of prosecution.

This Court's Local Rules provide: "Each attorney and pro se litigant has a continuing obligation to apprise the court of any address change." Local Rule 11.1E. The Local Rules further provide:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

Local Rule 41.3.1E. More than thirty days ago, mail from this Court addressed to plaintiff at the Orleans Parish Prison, his address of record, was returned by the United States Postal Service as undeliverable with a notation that he had "roll[ed] out."[1]

---

[1] Rec. Doc. 7.

Plaintiff has not notified this Court of his current address, despite declaring in his complaint: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[2] Because he has failed to meet that obligation, the Court has no way to advance his case on the docket.

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, mail sent to plaintiff at his address of record has been returned as undeliverable, and he has failed to provide the Court with his current address despite being aware of his obligation to do so. Due solely to plaintiff's failure, his whereabouts are unknown, and this Court has no way to advance his case on the docket. Accordingly, his complaint should be dismissed for failure to prosecute.

---

[2] Rec. Doc. 1, p. 4.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this sixth day of January, 2011.

*Daniel E. Knowles, III*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.